Robert E. O'Brien, Appellant, *v.* Commonwealth of Pennsylvania, State Employes' Retirement Board, Appellee.

Argued December 4, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Thomas E. Sterling,* for appellant.

*Raymond Kleiman,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 5, 1974:

This is an appeal from a determination of the State Employes' Retirement Board (Board) which denied Robert E. O'Brien's request to appear before the Board.

O'Brien (Appellant) was employed by the Commonwealth of Pennsylvania from December 30, 1933, until March 6, 1941, and was a member of the State Employes' Retirement Association. On February 17, 1941, Appellant was called into active military service by Executive Order of the President of the United States. He served under the Mandatory Executive Order until his eligibility for release in February 1946, when he chose to apply for continuation of his active service. On October 18, 1947, he applied for and received refund of his contributions to the State Retirement Fund.

The Appellant continued in active military service during the Korean Conflict by extending his category commitment in 1951 and again in 1954. On June 11, 1957, the Appellant resigned from State Employment. The appellant retired from military service effective November 1, 1960, and on May 9, 1961, and then became employed by the Pennsylvania State University as an Associate Professor. From May 9, 1961 until his retirement on July 1, 1967, Appellant was a member of the State Retirement Plan.

Subsequently, Appellant requested the Board for military service credit toward retirement for the period February 17, 1941 to September 30, 1957. The Board denied this request, determining that Appellant was entitled to a military service credit for a period from February 14, 1941, to February 1946, which was

the period of Appellant's compulsory military service. The Board determined that Section 207 of the State Employes' Retirement Code of 1959, Act of June 1, 1959, P. L. 392, as amended, 71 P.S. 1725-207 precluded Appellant from receiving credit for the balance of his military service which he voluntarily extended.

This Commonwealth Court in *State Employes' Retirement Board v. O'Brien,* 93 Dauph. 101 (1970), agreed with the Board's interpretation and dismissed the appeal. On December 4, 1970, the Pennsylvania Supreme Court denied Appellant's "Petition for Leave to File for Allowance of Appeal."

Appellant again requested permission to appear before the Board to discuss the amount and manner of payment of salary deductions for his retirement benefits. At that meeting, the Board concluded that he should not make another repetitive personal appearance. Appellant was advised on June 24, 1971 that it had been determined that he owed $418.95 if he wanted to receive credit for the military service allowed. This calculation was approved by the actuary for the Board.

On February 14, 1972, and May 19, 1972, Appellant made further requests to appear before the Board and on November 6, 1972, he filed a Petition for Determination and Manner of Payment of Salary Deductions with another request for a personal appearance. The Board discussed the Petition at its January 30, 1973 meeting and denied the Appellant's request for an appearance before the Board "because of the prior legal history of this matter, and further for the reason that the money required to purchase the military service was a determination that required only routine administrative staff review and approval as that of the Actuary for the Board."

The soundness of this decision is now before this Court.

Initially, we must observe that the Appellant attempts to use this particular appeal as a vehicle to gain reconsideration of this Court's decision in *State Employes' Retirement Board, supra.* Much of Appellant's brief is devoted to a detailed discussion of why Appellant's retirement credit should be extended to the period Appellant voluntarily remained in the military service, the specific issue which was decided against him in *State Employes' Retirement Board, supra.*

Appellees answer this portion of the Appellant's argument by arguing the doctrine of res judicata. Since we feel it is obvious that the requirements of res judicata are present in this case, *American Surety Co. of N. Y. v. Dickson,* 345 Pa. 328, 28 A. 2d 316 (1942), we will not discuss it in detail.

Appellant also contends that he was arbitrarily denied a hearing before the Board on the amount and manner of payment of salary deductions. We disagree.

It is obvious that the Board, in denying Appellant's request for a hearing, felt that Appellant would use the hearing as a forum to espouse his unwaivering position that he was entitled to credit for his entire military service.[1] The Board felt in addition, that our decision in *State Employes' Retirement Board, supra,* resolved the legal issues involved against Appellant, and all that remained, following the guidelines of the above-quoted case, was a mere computation of the amount owed by Appellant.

We agree that it was not necessary in this case to afford the Appellant another personal appearance before the Board. A review of the record makes it abundantly clear that the Board has made a laudable effort throughout the long history of this matter to answer

---

[1] This conclusion was well-founded since the Appellant did in fact use this tactic in his argument before this Court.

all inquiries and requests of Appellant. Appellant has appeared before the Board in the past with and without counsel. We do not conceive how Appellant, in still another appearance before the Board, could add anything to the already beleaguered case history of this matter. Nor can we see how any rights of Appellant were adversely affected by the Board's failure to grant Appellant a personal appearance. After our adjudication in *State Employes' Retirement Board, supra,* all that was left for the Board to do was to merely calculate the dollar amount owed by Appellant. This action is not adjudicatory in nature, but a mere computation based on prior judicial findings and no hearing or personal appearance before the Board was required.

The Appellant presents nothing to seriously dispute the dollar amount ($418.95) assessed by the Board. We should note, in the hopes that this is a final disposition of this matter, that we have reviewed the manner and means of calculation of the Board and find their figures are correct. Appellant has received the consideration and the patience of the Board and this Court and it is now incumbent on him to pay the assessed amount ($418.95) (if he so desires) so that he may receive the retirement benefits to which he is legally entitled. Accordingly, we enter the following

### ORDER

AND NOW, this 5th day of March, 1974, the determination of the State Employes' Retirement Board assessing Robert E. O'Brien's military credit at $418.95 is hereby affirmed.